UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LANCE WRIGHTSELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 CV 5451 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| SHERIFF OF COOK COUNTY; ) | |
| and COOK COUNTY, ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lance Wrightsell, has filed a Complaint under 42 U.S.C. § 1983 against Defendants Sheriff of Cook County and Cook County, Illinois. Wrightsell moves the Court to certify the case a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). (Docket No. 10.) For the reasons stated below, the motion is denied.

## BACKGROUND

Wrightsell alleges that he was confined at the Cook County Jail from March 5, 2007 to September 19, 2007; he submitted repeated written requests to see a dentist because he was experiencing "severe tooth pain." However, he was not permitted to see a dentist during the entire time of his stay at the Cook County Jail and suffered permanent damage to his mouth. Wrightsell alleges that Defendants adopted a policy of providing dental care only in cases of extreme emergency and, in 2007, eliminated the positions of many of the dentists employed at the jail, leaving only one dentist

1

responsible for the care of ten thousand people. Wrightsell alleges that this conduct constitutes a policy of "deliberate indifference to the dental needs of prisoners," causing injury to him and others similarly situated.

Wrightsell seeks an order that this case may be maintained as a class action on behalf of "[a]ll persons who, while confined at the Cook County Jail on and after September 23, 2006, made a request for treatment of dental pain and were not examined by a dentist within 7 days of that request." (Pltf. Mot. at 1.)

## LEGAL STANDARD

The Eighth Amendment prohibits prison officials from showing deliberate indifference to prisoners' serious medical needs. *Estelle v. Gamble*, 429 U.S. 103 (1976). In order to make out a claim of deliberate indifference, a plaintiff must show that he had an "objectively serious" medical or dental need and that prison officials were "deliberately indifferent" to that need. *Board v. Farnham*, 314 F.3d 469, 479-80 (7th Cir. 2005).

The requirements for class certification are well known. To obtain class certification, a plaintiff must satisfy all four elements of Fed. R. Civ. P. Rule 23(a): (1) numerosity (the class must be "so numerous that joinder of all members is impracticable"); (2) commonality ("there are questions of law or fact common to the class"); (3) typicality ("the claims or defenses of the representative parties are typical of the claims or defenses of the class"); and (4) adequacy of representation ("the representative parties will fairly and adequately protect the interests of the class.") Fed. R. Civ. P. 23(a).

2

In addition, in order to be certified, the action must fall within at least one of the three categories identified in Fed. R. Civ. P. Rule 23(b). Wrightsell seeks certification under Rule 23(b)(3), which provides that a class action may be maintained if:

> (3) the court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).

The party seeking certification bears the burden of establishing that certification is proper. *Trull v. Plaza Assoc.*, Case No. 97 C 0704, 1998 WL 578173, *2 (N.D. Ill. Sept. 3, 1998). The district court has broad discretion in determining the propriety of certification. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998); *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993).

## ANALYSIS

Wrightsell contends all of the requirements of Rule 23 are satisfied. As to Rule 23(a), numerosity exists because Defendants produced, in a prior case in this district, *Smith v. Sheriff of Cook County, et al.*, Case No 07 CV 3659 (*Smith*), more than 200 grievances by prisoners complaining of inadequate dental care in the Cook County Jail. Commonality exists because one "overriding issue" is common to all potential class members in the case – *i.e.*, "Did defendants' action in 2007 to leave one dentist responsible for the care of ten thousand persons cause plaintiff and others similarly situated to be deprived of rights secured by the Fourteenth Amendment?" Wrightsell's claims are typical of the class because the claims of each plaintiff "are united in their allegation that they all received constitutionally inadequate treatment flowing from the

3

same systemic deficiencies in defendants' dental program." They all allege "dental pain, a request to see a dentist, and either no dental treatment, or a long delay before being seen by a dentist." Finally, there is adequacy of representation because Wrightsell does not have any conflict with other proposed class members and is represented by competent counsel.

Wrightsell contends certification is appropriate under Rule 23(b)(3) "because common questions predominate over individual issues . . . and a class action is superior to other methods for the fair and effective adjudication of the controversy."

Defendants oppose certification, disputing the existence of commonality and typicality under Rule 23(a), as well as predominance under Rule 23(b)(3).[1] Defendants rely primarily on Judge Leinenweber's decision in *Smith* denying class certification on similar facts.

In *Smith*, as here, plaintiffs challenged the constitutional adequacy of the dental care afforded prisoners at the Cook County Jail. The *Smith* plaintiffs alleged – as Wrightsell does here – that the Cook County Jail and Cook County had a policy of deliberate indifference to the dental needs of inmates at the jail, and this constituted a violation of the Eighth Amendment. The *Smith* plaintiffs also alleged – as Wrightsell does here – that the defendants drastically reduced the dental staff at the jail in 2007 such that only one dentist was responsible for the care of the nearly ten thousand inmates detained there.

Judge Leineneweber found these facts insufficient to support certification under

---

[1] Defendants also dispute Wrightsell's adequacy as a class representative on the basis that he lacks credibility due to his history of multiple felony convictions.

4

Rule 23 in an intial opinion and a subsequent opinion addressing a motion for reconsideration. Although *Smith* acknowledged that the issue of deficient staffing at the jail was a common one (such that the plaintiffs could potentially show "system-wide indifference" to prisoners' dental needs in a single proceeding), that case held that commonality and typicality were lacking. Specifically, because an Eighth Amendment claim would require resolution of both an objective and subjective element for each prisoner, a detainee must first show that he had "an objectively serious medical need that resulted in significant harm or injury by inattention." In addition, the detainee must show "that the inattention was a result of a sufficiently culpable state of mind so as to constitute deliberate indifference, a subjective inquiry." *Smith*, 2008 WL 1995059, at *1. *Smith* thus found that each prisoner must show "that he had a condition that required dental care; . . . that he did not receive adequate dental care; . . . that he suffered significant injury or harm; and . . . that the injury or harm was causally related to the inadequate care." Further, in light of these necessary but highly individualized inquiries, *Smith* found that "each plaintiff's case would necessarily be different" and "no case would be typical," making the case inappropriate for certification under Rule 23(a). *Smith*, 2008 WL 1995059, at *2.

After considering plaintiffs' motion for reconsideration, the court held that certification was not appropriate under Rule 23(b)(3). The court reasoned that even if common issues (in particular, the issue of the system-wide inadequacy of dental staffing at the jail) could be determined "separate and apart from the individualized inquiries pertaining to each prisoner's condition and care," a bifurcated approach was not "an

5

efficient or superior means of resolving Plaintiffs' claims." *Smith*, 2008 WL 4866071, at *2. The court noted that the common issue presented would "not be fact intensive" but, rather,"the issues of individual causation and damages will likely encompass the vast majority of the time and resources necesssary to judge Plaintiffs' claims. . . . Therefore, certification of the narrow issue of the jail's reduction of dental staff would not satisfy the predominance requirement of Rule 23(b)(3)." *Id.* The court concluded, "[t]he issues of individual causation and injury will be more appropriately and efficiently resolved in separate proceedings, and the Plaintiffs'claims will not be meaningfully advanced or more quickly resolved by uniform decision on the common issue of staff reduction." *Id.* The Seventh Circuit subsequently denied a petition by the *Smith* plaintiffs for permission to appeal Judge Leinenweber's decision in *Smith* pursuant to Fed. R. Civ. P. 23(f), which permits courts of appeal to accept interlocutory appeals from class certification decisions.

Wrightsell urges the Court to decline to follow *Smith* and certify this virtually identical case as a class action for three reasons: (1) the proposed class in *Smith* is different from the proposed class here; (2) the factual assumptions underlying *Smith* are inconsistent with recent findings of the United States Department of Justice about inadequate dental care at the jail; and (3) the legal theories applied in *Smith* are contrary to the Seventh Circuit's decision in *Arreola v. Godinez*, 546 F.3d 788 (7th Cir. 2008) (*Arreola*).

Judge Leinenweber's analysis in *Smith* is instructive, and his reasoning is applicable here. Individual – not common – issues predominate in the case, and a class action would not be a superior means of resolving the alleged Eighth Amendment claim

6

regarding dental care at the Cook County Jail. Wrightsell's assertions to the contrary are not persuasive.

First, Wrightsell's argument that the proposed class is defined differently than in *Smith* is not persuasive. The proposed class in *Smith* was defined as all persons who made a request for treatment of dental pain while confined at the Cook County Jail and "did not receive *timely* treatment of a dentist"; whereas, the proposed class here is defined as all persons "who made a request for treatment of dental pain and were not examined by a dentist within *7 days* of that request." This change in the class proposed here does not obviate the deficiencies with the commonality, typicality and predominance requirements addressed in *Smith* and present here. Rather, "timeliness" as proposed in *Smith* as the standard of adequate care is consistent with determining whether Defendants acted with deliberate indifference to dental needs (the substantive constitutional claim). This standard requires a case-by-case analysis and factual determination as to the degree of seriousness of dental impairment of each detainee versus the time within which treatment was provided. The proposed class here purports to make the failure to render dental treatment within seven days of request by a detainee actionable. This proposed time period could be inconsistent in some cases with the constititutional requirement. The reasonableness of the time of treatment measured from seven days of a detainee's request could be unreasonable for a very obvious and serious painful dental emergency requiring immediate treatment. Conversely, treatment for a minor dental problem could be adequate even if provided two weeks or more from the date of the request.

Further, contrary to Wrightsell's assertion, the legal theories applied in *Smith* are not contrary to the Seventh Circuit's decision in *Arreola*. *Arreola* did not hold that a district court must certify a class under Rule 23(b)(3) under the circumstances here. Rather, the court narrowly held that "the need for individual damages determinations does not, in and of itself, require denial of [a] motion for certification." *Arreola*, 546 F.3d at 801.

## CONCLUSION

For all of the reasons stated above, Wrightsell's motion for class certification is denied.

Date: February 19, 2009

JOHN W. DARRAH
United States District Court Judge